**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-11919-JFW(CTSx)** Date: November 2, 2026

Title: Nefi David Hernandez Suazo -*v*- Todd Wallace Blanche, et al.

---

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF'S PETITION FOR ORDER TO SHOW CAUSE AND MOTION TO SET PRE-TRIAL CONFERENCE AND FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [filed 10/30/26; Docket No. 15]**

On October 30, 2026, Plaintiff Nefi David Hernandez Suazo ("Plaintiff") filed a Petition for Order to Show Cause and Motion to Set Pre-Trial Conference and for a Temporary Restraining Order and Preliminary Injunction ("Petition"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

In his Petition, Plaintiff seeks on an ex parte basis: (1) an Order to Show Cause ("OSC") why Summary Judgment in Plaintiff's favor should not be granted within one day of the Court issuing the OSC; (2) an Order setting a telephonic status conference; and (3) a temporary restraining order ("TRO") enjoining and restraining Defendants Todd Wallace Blance, Markwayne Mullin, Joseph B. Edlow, and Dustin Stubbs (collectively, "Defendants") from delaying adjudication of Plaintiff's naturalization application upon remand to the United States Citizenship and Immigration Service ("USCIS").

As Judge Rymer stated in *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989), "[e]x parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." Such applications allow the applicant to jump "ahead of the pack" and "cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id*. at 193. As a result,

*ex parte* applications are therefore justified only "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" or "where it is likely that, if given notice, someone would act improperly to frustrate the party's ability ever to obtain the relief sought." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Thus, in order for *ex parte* relief to be warranted, the applicant must make the following showing:

> . . . that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect . . . It is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period . . . Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have. . .

*Mission Power*, 883 F. Supp. at 492-93 (quoting *Intermagnetics*, 101 B.R. at 193).

In addition, the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public's interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit's "serious questions" approach survived *Winter* when applied as part of the four-element *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). In other words, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [movant] can support issuance of a preliminary injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135. Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In this case, Plaintiff has failed to comply with the requirements set forth in the Standing Order for ex parte applications (which include temporary restraining orders). Pursuant to paragraph 8(b) of the Standing Order:

> Unless relieved by order of the Court for good cause shown, on or before the day counsel files an ex parte application for a temporary restraining order, counsel must personally serve notice and all documents in support of the ex parte application and a copy of the Court's Standing Order on opposing counsel or party. Counsel shall

> also notify the opposing party that any opposition must be filed no later than twenty-four hours after the service of the ex parte application. Counsel shall immediately file a Proof of Service.

Plaintiff has failed to file a Proof of Service with respect to the Petition. In addition, although Plaintiff states that he attempted to meet and confer with defense counsel and defense counsel "simply ignored Plaintiff's requests to meet and confer" (Notice of Petition, 2:2-3), Plaintiff's counsel Diego J. Aranda Teixeira states in his declaration (Docket No. 15-3) that he attempted to meet and confer with defense counsel on October 13, 15, and 16, 2026, which is before Defendants were served with the Summons and Complaint in this action on October 19, 2026, only one of those attempts mentioned in passing a temporary restraining order (and that attempt did not detail the relief sought by Plaintiff in his Petition), and those attempt were made to a variety of mostly generic email addresses (*e.g.*, caseview.ecf@usdoj.gov), not to counsel assigned to this case (because no counsel had been assigned). *See also* Local Rule 7-19.1 ("It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application").[1] Plaintiff's counsel also fails to state that he informed Defendants that they had twenty-four hours to file an opposition to the Petition. However, based on the emails attached to Plaintiff's Petition (Docket No. 15-2), it does not appear that Plaintiff's counsel informed Defendants of their deadline to respond or that he was aware of it because Plaintiff's counsel believed that his Petition would be heard on November 2, 2026, at 1:30 p.m., when the Court hears its regularly-noticed civil motions. Indeed, Plaintiff's counsel emailed the Court's Courtroom Deputy Clerk to confirm if his Petition would be heard on November 2, 2026, at 1:30 p.m. However, paragraph 8(b) of the Court's Standing Order clearly states that:

> The Court considers ex parte applications on the papers and usually does not set the matter for hearing . . . The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

Moreover, these issues occurred after Plaintiff's original Petition, filed on October 29, 2026 (Docket No. 13), was stricken and Plaintiff's counsel was advised to "review the Court's Standing Order and the Judge[']s Procedures and Schedules page re filing of motions."

In addition, the Court has considered Plaintiff's Petition on the merits and concludes that Plaintiff delayed in seeking relief, and that the emergency that allegedly justifies a TRO is self-created. In his Petition, Plaintiff argues that he will suffer irreparable injury if his citizenship application is not immediately adjudicated because he will be prevented "from participating in the civic duty he would have as a newly-naturalized citizen of voting." However, in his Complaint, filed October 12, 2026 (Docket No. 1), Plaintiff alleges that it has been over fourteen months since his

---

[1] Although Plaintiff does not need to comply with Local Rule 7-19.1 if he can meet the requirements for a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) (*See* Local Rule 7-19.2), Federal Rule of Civil Procedure 65(b)(1)(A) requires that Plaintiff provide specific facts showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

naturalization interview on August 1, 2025, and Defendants still have not adjudicated his citizenship application, despite being required to do so within 120 days of the naturalization interview. Plaintiff waited over ten months after Defendants were required to adjudicate his citizenship application and over two weeks after filing his Complaint to file his Petition. A party's delay in seeking relief weighs against granting a TRO or preliminary injunction. *See, Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"); *Hi-Rise Technology, Inc. v. Amateurindex.com*, 2007 WL 1847249, at * 4 (W.D. Wash. June 27, 2007) ("Such a long delay in seeking relief weights against granting a temporary restraining order or a preliminary injunction."). To justify *ex parte* relief, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power* , 883 F. Supp. at 492–93.

Accordingly, Plaintiff's Petition is **DENIED without prejudice** to filing a regularly noticed motion which attempts to establish the requirements necessary for the issuance of a preliminary injunction and which complies with the Federal Rules of Civil Procedure, the Local Rules, the Court's Standing Order, and the Court's Order Re: Artificial Intelligence.

IT IS SO ORDERED.